Galley v. Galley.

*State* v. *Toledo*, 48 Ohio St. 132 [26 N. E. Rep. 1061; 11 L. R. A. 729].

The judgment is affirmed.

**Marvin, J.,** concurs.

---

## ALIMONY—CONTEMPT OF COURT.

[Hamilton (1st) Circuit Court, December, 1910.]

Giffen, Smith and Swing, JJ.

GEORGE M. GALLEY v. DELLA GALLEY.

**Finding a Husband in Contempt for Failure to Pay Alimony Awarded Presumes His Failure to Establish Inability to Pay.**

A decree ordering a husband to pay alimony to his wife imports his ability to pay the amounts adjudged; hence, a complaint in contempt for default in payment need not allege his ability to pay the same, and in the absence of a bill of exceptions, containing the evidence on the hearing it will be presumed, on a finding of contempt, that defendant failed to establish his inability to pay.

ERROR to common pleas court.

*C. S. Sparks,* for plaintiff in error.

*Karl H. Caldwell,* for defendant in error.

**GIFFEN, P. J.**

The objection that the complaint is insufficient in law, because it contains no allegation that the defendant was able to pay alimony as decreed, is not sound, as the decree imports a finding that he is able to pay the money. *State* v. *Cook,* 66 Ohio St. 566 [64 N. E. Rep. 567; 58 L. R. A. 625].

Hamilton County.

In the absence of a bill of exceptions containing the evidence, if any were offered, the presumption will be that the defendant failed to establish his inability to pay.

It is not essential, though preferable, to prosecute a proceeding in contempt in the name of the state. *Hannberger, Ex parte,* 10 Circ. Dec. 561 (19 R. 651).

Although the mittimus recites that the case came on to be heard in the court of common pleas, it is apparent on the face of the paper that this was a clerical error in the use of a printed form, and that the commitment was in fact ordered by the court of insolvency after a hearing was had in such court.

Where a cause is submitted to the court, a finding made and judgment rendered, it will be presumed that evidence was offered in support of such finding, although the judgment entry contains no recital that the cause was heard upon evidence. *Haskins* v. *Alcott,* 13 Ohio St. 210.

We find no prejudicial error and the judgment will be affirmed.

It follows, also, that the defendant is lawfully imprisoned and that he be remanded to the custody of the sheriff.

**Smith** and **Swing, JJ.,** concur.